# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDNA ANESHA SALLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-CV-0111-CVE-TLW |
| | ) |
| OIL CAPITAL ELECTRIC, LLC and | ) |
| FLINTCO, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Flintco, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 31).[1] Defendant Flintco, Inc. (Flintco) argues that it was not plaintiff's employer, and it cannot be held liable for the workplace discrimination alleged in plaintiff's amended complaint. Flintco also asserts that the amended complaint contains no allegations concerning any discriminatory conduct committed by Flintco, and plaintiff has not stated a claim upon which relief can be granted. Plaintiff responds that she identified Flintco as one of her employers in her general intake questionnaire, and she satisfied all jurisdictional prerequisites to file employment discrimination claims against Flintco. She has also submitted an affidavit (Dkt. #34-2) with additional factual allegations concerning Flintco's conduct and claims that she can state an employment discrimination against Flintco based on the facts stated in the affidavit.

---

[1]   Defendant also filed a motion to dismiss plaintiff's original complaint. See Dkt. # 6. Plaintiff's amended complaint superseded her original complaint and her original complaint (Dkt. # 2) is without legal effect. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007). Therefore, defendant's motion to dismiss plaintiff's original complaint (Dkt. # 6) is moot.

**I.**

Plaintiff alleges that she was hired by Oil Capital Electric, LLC (OCE) on October 13, 2008 as an apprentice electrician. Dkt. # 30, at 3. OCE assigned plaintiff to work at a construction site at 81st Street and Riverside Drive in Tulsa, Oklahoma, and Flintco was the general contractor for the construction site. Plaintiff claims that OCE employees sexually harassed her and "constantly made comments to her about how she had no business working on a construction site since she is a woman and even physically threatened her on numerous occasions." Id. She claims that Billy Fry[2] rolled a large pipe toward plaintiff with the intention of harming her and he later spit on plaintiff's shoes. Plaintiff complained to her supervisor, James Gatwood, and Gatwood allegedly told plaintiff to "shut up and get to work." Id. She claims that Gatwood also walked past plaintiff holding a large pipe and purposefully knocked plaintiff out of the way with the pipe. Id. at 4. Plaintiff alleges that a male co-worker urinated in her presence and showed plaintiff his penis. Id. She states that sexually explicit graffiti or drawings were displayed at the construction site and coworkers generally used "gender-based derogatory language" to plaintiff. Id. She also claims that OCE discriminated against her because of her race. She states that OCE employees Ray Lyons and Randy Davis called her a "nigger" and used other racially-derogatory language to plaintiff. Id. at 4.

Plaintiff complained to a coworker, Brian Lewis, about the alleged discrimination, and Lewis told plaintiff that he would speak to a supervisor named Ron. Ron spoke to plaintiff and told her that he had a project for her. Ron directed plaintiff to fill a ditch and did not mention her complaints of sexual and racial discrimination. Id. Plaintiff felt that Ron was using this project to punish

---

[2] All of the persons referenced in plaintiff's amended complaint as persons who engaged in discriminatory conduct were employees of OCE.

plaintiff for complaining about the alleged discriminatory conduct. Plaintiff reasserted her complaints of discrimination to Lewis, Fry, and Jacob Caldwell. They allegedly told plaintiff that OCE had no anti-discrimination policies and they would not take any action on plaintiff's complaints. Plaintiff claims that OCE retaliated against her by sending her home early, refusing to train her on equipment, and giving her the silent treatment. Id. at 5. Lewis allegedly called plaintiff into his office on July 21, 2009, and offered to pay plaintiff if she resigned her position and declined to file any discrimination claims against OCE. Id. Plaintiff states that she declined OCE's offer and she was immediately laid off due to a reduction in force. Id.

Plaintiff submitted a general intake questionnaire to the Equal Employment Opportunity Commission (EEOC) on July 21, 2009. Dkt. # 34-1. Plaintiff also states that she filed a charge of discrimination with the EEOC alleging claims of sexual harassment, hostile work environment, and gender and race discrimination, but she does not expressly state whether she named Flintco as her employer in the EEOC charge. Dkt. # 30, at 2. Plaintiff alleges six claims against one or both defendants: (1) hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (Title VII) against OCE and Flintco; (2) retaliation under Title VII against OCE; (3) gender discrimination under Title VII against OCE and Flintco; (4) racial discrimination under Title VII against OCE and Flintco; (5) racial discrimination under 42 U.S.C. § 1981 against OCE and Flintco; and (6) intentional infliction of emotional distress against OCE.

## II.

The exhaustion of administrative remedies is a jurisdictional prerequisite under Title VII, and the Flintco's motion to dismiss should be treated as a 12(b)(1) motion to the extent that Flintco asserts that plaintiff failed to name Flintco as her employer in her EEOC charge. See Shikles v.

Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997). When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. Flintco relies on evidence outside the pleadings, and the Court will construe its motion as a factual attack on the jurisdictional facts alleged by plaintiff. When ruling on a factual attack on subject matter jurisdiction, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting the defendant's motion to dismiss into a motion for summary judgment). To defeat Flintco's Rule 12(b)(1) motion, "plaintiff must present affidavits or other evidence sufficient to establish the court's

4

subject matter jurisdiction by a preponderance of the evidence." Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

Flintco also argues that plaintiff fails to state a claim and this aspect of Flintco's motion is reviewed under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Flintco argues that the Court lacks subject matter jurisdiction over plaintiff's claims against Flintco, because plaintiff failed to exhaust her administrative remedies. Flintco also asserts that plaintiff has not stated a claim against it because plaintiff has not alleged sufficient facts to show that Flintco employed her or committed any discriminatory acts against plaintiff. Plaintiff responds that she named Flintco as her employer in her general intake questionnaire and she has alleged sufficient facts to state employment discrimination claims against Flintco.

To proceed against a party under Title VII, the plaintiff must name the defendant as his or her employer in an EEOC charge. Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999). The Tenth Circuit has recognized two narrow exceptions to this rule in situations when "the defendant was informally referred to in the body of the charge or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." Romero v. Union Pac. R.R., 615 F.2d 1303 (10th Cir. 1980). In Romero, the Tenth Circuit stated four factors that should be considered when a plaintiff attempts to bring a Title VII lawsuit against a defendant not named in the plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interest of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 1312 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

The Court declines to reach this issue, because neither party has submitted a copy of plaintiff's EEOC charge and it is unclear whether plaintiff named Flintco as her employer in her EEOC charge.[3] Plaintiff's general intake questionnaire lists Flintco as her employer and it is possible that plaintiff's EEOC charge also identifies Flintco as her employer. Dkt. # 34-1, at 3. However, the Court will not speculate as to whether plaintiff may have named Flintco as her employer in her EEOC charge or whether plaintiff exhausted her administrative remedies against Flintco. Flintco may re-urge its motion to dismiss for lack of subject matter jurisdiction if Flintco can establish that it was not named in plaintiff's EEOC charge.

Flintco also argues that plaintiff's amended complaint should be dismissed under Rule 12(b)(6), because the amended complaint does not allege any facts suggesting that Flintco was plaintiff's employer. Plaintiff states that Flintco was the general contractor for the construction site and "the work site was overseen by [Flintco] . . . ." Dkt. # 30, at 3. However, the amended complaint does not include any other factual allegations concerning the conduct of Flintco or its employees. Plaintiff responds that Flintco is an "employer" under Title VII and she has alleged that Flinto controlled aspects of her employment, and this is sufficient for the purpose of notice pleading to plausibly state that she was employed by Flintco. Plaintiff's factual allegations supporting her claim that Flintco controlled or supervised her employment are contained in an affidavit attached to her response to Flintco's motion to dismiss, and none of the allegations are stated in the amended complaint. Dkt. # 34-2 (plaintiff's affidavit stating additional factual allegations concerning

---

[3] Plaintiff has submitted a document which she called a "charge of discrimination." However, it is not on a form printed by the EEOC and it is not signed by an EEOC employee. The "charge" appears to be a document prepared by plaintiff's counsel and it is not clear that the EEOC treated this document as a charge of discrimination.

defendants' conduct). The Court is not permitted to consider factual allegations outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6), and plaintiff may not use her affidavit to avoid dismissal of her amended complaint. See Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

Plaintiff's argument misses the mark, and it is not relevant whether Flintco could generally be treated as an employer under Title VII if Flintco were sued by one of its employees for engaging in unlawful discrimination. Instead, the issue is whether plaintiff is considered an "employee" of Flintco or, alternatively, if Flintco and OCE can be considered a single employer or joint employers for plaintiff's employment discrimination claims. Title VII defines "employee" as an "individual employed by an employer." 42 U.S.C. § 2000e(f). Plaintiff's employment status "is both a jurisdictional question and an aspect of [her] substantive claim[s]." Zinn v. McKune, 143 F.3d 1353, 1356 (10th Cir. 1998). Plaintiff clearly alleges that she was employed by OCE and there is no basis to infer from the allegations of the amended complaint that plaintiff was an employee of Flintco. See Dkt. # 30, at 3 ("Plaintiff became an employee of OCE on or about October 13, 2008 in the position of Apprentice Electrician").

Plaintiff may be arguing that Flintco and OCE were joint employers or a single employer, and Flintco should be treated as her employer for the purpose of her employment discrimination claims. The Tenth Circuit has recognized that two nominally separate entities may be treated as a single enterprise for the purpose of an employment discrimination claim under the single-employer or joint-employer tests. Sandoval v. City of Boulder, Colorado, 388 F.3d 1312, 1322 (10th Cir.

2004). "As a general rule, 'determining whether an entity qualifies as an employer is a fact issue for the jury.'" Bristol v. Board of County Commissioners of the County of Clear Creek, 312 F.3d 1213, 1221 (10th Cir. 2002). The most important factor is whether both entities exercised control over the plaintiff's employment or have "centralized control of labor relations." Sandoval, 388 F.3d at 1322. Plaintiff has not alleged any facts that would permit the Court to treat Flinto and OCE as joint employers or a single employer. The mere fact that Flintco supervised the construction site in its capacity as a general contractor does not mean that Flintco can be treated as plaintiff's employer as a matter of law. This is a fact-intensive analysis and is ordinarily more appropriate to resolve on a motion for summary judgment but, to survive a motion to dismiss, the plaintiff must at least "allege facts that, if true, would demonstrate [that defendant] exerted the requisite control over [plaintiff's] employment." Atkins v. Northrop Grumman Technical Servs., 2008 WL 5062785, * 2 (S.D. Ind. Nov. 24, 2008). In this case, plaintiff's allegation that Flintco served as a general contractor for a construction site does not show that Flintco exerted any control over plaintiff's employment, and plaintiff's claims against Flintco should be dismissed.

The Court also finds that plaintiff has not stated a claim against Flintco under Title VII or § 1981 due to a lack of factual allegations concerning Flintco's alleged discriminatory conduct. As to plaintiff's hostile work environment and gender discrimination claims, plaintiff has not alleged that Flintco had any role in the alleged gender discrimination or the creation or maintenance of a hostile work environment. Concerning plaintiff's racial discrimination claims, the elements of plaintiff's racial discrimination claims are the same under Title VII or § 1981. Carney v. City and County of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008). However, she has alleged no facts suggesting that Flintco or its employees participated in the alleged racial discrimination, and plaintiff

9

has not stated a claim for racial discrimination under Title VII or § 1981 as to Flintco. Flintco's motion to dismiss for failure to state a claim should be granted, but the Court finds that plaintiff should be given leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint, she should include specific allegations concerning the exhaustion of administrative remedies of her claims against Flintco. Plaintiff should also include sufficient factual allegations to plausibly state that Flintco may be treated as her employer and clarifying Flintco's role in the alleged discriminatory conduct.

**IT IS THEREFORE ORDERED** that Defendant Flintco, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 31) is **granted**, and plaintiff's claims against Flintco are dismissed for failure to state a claim upon which relief can be granted. Plaintiff may file a second amended complaint, if she can plausibly state claims against Flintco, no later than **September 30, 2010**.

**IT IS FURTHER ORDERED** that Defendant Flintco, Inc.'s Motion to Dismiss and Brief in Support (Dkt. # 6) is **moot**.

**DATED** this 23rd day of September, 2010.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE